[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12919
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cr-00248-MMH-JRK-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DONALD MITCHELL,
a.k.a. Maven Busari,
a.k.a. Arisses Maven Anglo Busari,
a.k.a. Miguel Busari,
a.k.a. Miguel Lopez Diaz,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 24, 2015)

Before MARCUS, WILLIAM PRYOR, and JORDAN, Circuit Judges.

PER CURIAM:

Donald Mitchell appeals his 180-month sentence, which constituted an upward variance from the Guidelines range. The district court imposed that sentence after Mr. Mitchell pleaded guilty to conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1341 and 1349, and wire fraud, in violation of 18 U.S.C. § 1343.

On appeal, Mr. Mitchell argues that the district court erred procedurally by (1) allowing the government to violate the Sentencing Guidelines by denying him a one-level decrease for acceptance of responsibility under § 3E1.1, (2) applying a two-level enhancement for abuse of trust under § 3B1.3, and (3) failing to consider an upward departure under § 4A1.3 before applying an upward variance under 18 U.S.C. § 3553(a). Mr. Mitchell also argues that the district court erred by imposing a substantively unreasonable sentence. For the reasons that follow, we affirm.

## I

We review the reasonableness of an imposed sentence—"whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 40 (2007). We begin by "ensur[ing] that the district court committed no significant procedural

2

error, such as . . . improperly calculating[ ] the Guidelines range, . . . failing to consider the § 3553(a) factors, . . . or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.* at 51.

A district court abuses its discretion when it applies the wrong legal standard, follows improper procedures, or makes clearly erroneous findings of fact. *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1096 (11th Cir. 2004). "We . . . review *de novo* the district court's interpretation of the Guidelines and its application of the Guidelines to the facts, and . . . review for clear error the district court's findings of fact regarding whether a defendant should receive an enhanced sentence . . . ." *United States v. Ellisor*, 522 F.3d 1255, 1273 n.25 (11th Cir. 2008) (internal quotation marks and citation omitted). Where the district court would have imposed the same sentence regardless of the advisory Guidelines range, however, we need not "address whether the district court actually erred" because any such error is harmless. *United States v. Kapordelis*, 569 F.3d 1291, 1315 (11th Cir. 2009) (applying harmless error standard to the defendant's claim of double counting under the Guidelines).

## A

We consider Mr. Mitchell's first two arguments in tandem. Mr. Mitchell argues that the district court erred by denying him a one-level decrease for

3

acceptance of responsibility under § 3E1.1, and applying a two-level enhancement

for abuse of trust under § 3B1.3.

We need not reach the merits of these two arguments.  The district court

stated the following during Mr. Mitchell's sentencing hearing:

> I'm not sure that [the Guidelines range] matters that much, because regardless of whether the Court varies upward to that level under the guidelines, and even regardless of whether the Court applied the abuse of position of trust enhancement for Mr. Mitchell, the guideline sentence that is yielded is entirely insufficient to satisfy the statutory purposes of sentencing.
>
> And so regardless of whether my guideline is 41 to 51 months or whether it's 70 to 87 months or whether it was 43 to 41, without the position of trust enhancement, a much greater sentence is necessary given Mr. Mitchell's absolutely documented apparent inability to walk free in civilized society without committing further criminal conduct.

D.E. 362 at 268.  The district court imposed a 180-month sentence because (1) Mr.

Mitchell's criminal history showed his "utter and complete disregard for the law,

both while he was at liberty, while he was on supervision, and while he [wa]s in

prison," (2) his prior total sentence of 114 months for bank fraud, which included

two violations while he was on supervised release, was "entirely insufficient to

have accomplished any deterrence," (3) Mr. Mitchell's statements to the court

"showed no indication of any actual or genuine acceptance of responsibility" in

that he blamed his victims for his conduct, (4) "[t]he public ha[d] to be protected"

from Mr. Mitchell, and (5) the circumstances of the instant offense.  *Id.* at 268-72,

4

281-86. The district court, however, did not sentence Mr. Mitchell to the statutory maximum term of 20 years because Mr. Mitchell's guilty plea showed some level of acceptance of responsibility and spared the victims and the government from a criminal trial. *Id.* at 284-85.

Thus, Mr. Mitchell's 180-month sentence was not driven by the final Guidelines range as calculated by the district court, with or without any enhancements, reductions, or departures. Given the district court's ruling, any procedural errors involving the addition of a two-level enhancement for abusing a position of trust, or the omission of a one-level reduction for acceptance of responsibility, were harmless. In light of the record and our precedent, we need not determine whether the district court actually erred. *See Kapordelis*, 569 F.3d at 1315.

**B**

Next, Mr. Mitchell argues that the district court followed the wrong procedure in determining his sentence. He argues that the district court, after calculating the Guidelines range, failed to consider whether an upward departure was warranted, and instead skipped ahead to applying an upward variance. Under *Kapordelis*, we again need not address whether the district court erred here. *See id.* We briefly note, however, that Mr. Mitchell's argument is factually meritless.

The district court explicitly discussed § 4A1.3 of the Guidelines, which permits an upward departure if "the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes."   U.S.S.G. § 4A1.3(a)(1).  Mr. Mitchell had 28 criminal history points, and only 13 are needed to qualify for a criminal history category VI, the highest category in the Guidelines Manual.  The district court found that, based on Mr. Mitchell's criminal history, "even a criminal history category [VI] underrepresents the likelihood that [Mr. Mitchell] will commit other crimes."  The district court then ruled that "an upward departure of 5 levels is appropriate, which would take us to offense level 20, still criminal history category [VI], . . . mak[ing] Mr. Mitchell's guidelines [range] 70 to 87 months."  The district court reiterated: "I am departing upward to [offense level] 20 on the basis of [§] 4A1.3, and departing upward to the guideline level of 70 to 87 months."

It is true that at times the district court used the word "vary" or "variance" when it meant depart or departure.  The district court, however, was very clear that it was applying an upward departure under § 4A1.3, and Mr. Mitchell's arguments to the contrary do not withstand scrutiny.  Thus, district court did not abuse its discretion because it explicitly considered, and applied, an upward departure prior to determining whether an upward variance was appropriate.

## II

We review "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *See Gall*, 552 U.S. at 51 (stating that an appellate court should "take into account the totality of the circumstances"). The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a), including the need "to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense[,]" to deter criminal conduct, and "to protect the public" from the defendant's future criminal conduct. 18 U.S.C. § 3553(a). *See also United States v. Booker*, 543 U.S. 220, 259-60 (2005). In imposing a particular sentence, the court must consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable Guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to any victims. *See* § 3553(a)(1), (3)-(7).

The weight given to any specific factor is committed to the discretion of the district court. *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). A district court does not commit reversible error simply because it attaches great weight to a single § 3553(a) factor. *See United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008). But "[a] district court's unjustified reliance on a single §

7

3553(a) factor may be a 'symptom' of an unreasonable sentence." *Id.*  A district court can also err by improperly weighing the § 3553(a) factors and arriving at an unreasonable sentence given the facts of the case.  *See United States v. Irey*, 612 F.3d 1160, 1189-90 (11th Cir. 2010) (en banc).

Here, the district court explicitly considered the § 3553(a) factors and determined that, in light of several factors, a sentence above the Guidelines range was warranted.  Contrary to Mr. Mitchell's argument, the district court did not fail to give adequate consideration to the Guidelines range.  As we previously stated, the district court took the intermediate step of applying a § 4A1.3 departure before an upward variance.  The variance reflected the greater weight the district court placed on Mr. Mitchel's extensive criminal history, the need to protect the public, the need to deter future criminal conduct, and the need to promote respect for the law, and the lesser weight the district court placed on the applicable Guidelines range.  This was an appropriate and sound exercise of the district court's discretion.  *See Clay*, 483 F.3d at 743.  Given Mr. Mitchell's extensive criminal history, a 180-month sentence, though undeniably representing a significant variance from the Guidelines range of 70 to 87 months, was not outside the reasonable range of sentences given the facts of the case.  *See Irey*, 612 F.3d at 1189-90.

8

## III

In sum, we hold that the district court's 180-month sentence was not procedurally or substantively unreasonable given the facts of the case, and we therefore affirm.

**AFFIRMED.**